FILED
2005 Dec-19  AM 11:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,   ] | |
|          ] | |
|       Plaintiff,  ] | CIVIL ACTION # |
|          ] | |
| vs.         ] | |
|          ] | |
| BARLOWORLD HANDLING LP  ] | **COMPLAINT** |
|          ] | **JURY TRIAL DEMAND** |
|       Defendant.  ] | |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991 and the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of race and age and to provide appropriate relief to William Winn who was adversely affected by such practices. As alleged with greater particularity in paragraph 8 below, the Defendant Employer discriminated against William Winn on the basis of his race and age by discharging him.

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a and Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"),

which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Alabama Western Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705..

4.      At all relevant times, Defendant, Barloworld Handling LP (the "Employer"), has continuously been a Delaware corporation doing business in the State of Alabama and the City of Tuscaloosa, and has continuously had at least 20 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h) and Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6.      Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA and Title VII through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b) and Section 706(b) of Title VII, 42 U.S.C. § 2000 e-5 (b).

## STATEMENT OF CLAIMS

7.      More than thirty days prior to the institution of this lawsuit, William Winn filed a charge with the Commission alleging violations of Title VII by Defendant Employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

8.      On or about February 28, 2003 Defendant Employer engaged in unlawful employment practices at its Tuscaloosa, Alabama facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and Section 4 (a) 1 of the ADEA, 29 U.S.C. § 623 (a) 1. The practices include discharging William Winn because of his race, Black and his age, 62.  In particular, William Winn, a Black male over the age of 40 was employed by Defendant Employer as a lift truck road service technician at Defendant Employer's Tuscaloosa, Alabama location.  Mr. Winn was qualified for the position that he held and was performing successfully when he was discharged by Defendant Employer while lesser qualified younger White males who were not performing as successfully as Mr. Winn were not discharged.

9.      The effect of the practices complained of in paragraph 8 above has been to deprive William Winn of equal employment opportunities and otherwise adversely affect his status as an employee because of his race and age.

10.     The unlawful employment practices complained of in paragraph 8 above were intentional.

11.     The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of William Winn.

12.     The unlawful employment practices complained of in paragraph 8 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and from engaging in discharge of employees and any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for Black Americans and for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Employer to make whole William Winn by providing appropriate backpay, an equal sum as liquidated damages, with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of William Winn with restoration of all benefits as if he had not been discharged.

D.      Order Defendant Employer to make whole William Winn by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above in amounts to be determined at trial.

E.      Order Defendant Employer to make whole William Winn by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Order Defendant Employer to pay William Winn punitive damages for its malicious and reckless conduct described in paragraph 8 above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, Northwest
Washington, DC  20507

JACQUELINE H. MCNAIR (PA 42332)
Acting Regional Attorney


MILDRED BYRD (LA 03741)
Supervisory Trial Attorney


J.MARK GRAHAM (LA 06216)
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 212-2054
Fax: (205) 212-2041
E-mail: john.graham@eeoc.gov